RAMSEY *v.* RAMSEY and Others.

*A.* died intestate, seized in fee of land derived by devise from her father, with-
out issue, or brothers and sisters, or their descendants, but leaving surviving
her a mother and paternal uncles and aunts, or their descendants. *Held,*
that, by the R. S. 1831, (which governed the descent,) the paternal uncles
and aunts, and the surviving lineal descendants of such as had deceased,
inherited the land.

Title by devise is a species of purchase.

The words purchase and descent are technical terms to express the only two
modes of acquiring title to realty.

APPEAL from the *Dearborn* Circuit Court.

STUART, J.—This is an action by *Olivia Ramsey* and
others, against *Jane C. Ramsey,* to recover an interest in a
quarter-section of land in *Dearborn* county. *Jane C. Ram-
sey* pleaded, 1. In denial of the several matters alleged.
2. Title in herself. Trial by the Court, and finding for the
plaintiffs below. *Jane C. Ramsey* appeals.

The facts are these: *James P. Ramsey,* in his lifetime,
was the owner of the land in question. By his last will
and testament, dated *June* 25, 1834, he devised one-half of
his real estate to his wife, *Jane C. Ramsey,* and the other
half to his daughter, *Mary E. Ramsey.* In a few weeks
afterward, the testator died. The will was duly executed
and proved. No question is made as to the right of *Jane
C. Ramsey* to one-half the land under the will. In the
following year, *August,* 1838, *Mary E. Ramsey* died intes-
tate, without issue, and leaving neither brothers nor sisters
nor their descendants. But she left surviving her the said
*Jane,* her mother, on the one side, and her paternal uncles
and aunts, or their descendants, on the other. And the
question is, to whom did the land devised to *Mary E.
Ramsey* descend, at her death? Did her moiety of the
land go to her mother, *Jane C. Ramsey,* or the paternal
kindred, *Olivia Ramsey* and others?

. This question must be determined by our statute of
descents in force at *Mary E. Ramsey's* death. That was
the statute of 1831. That statute, so far as it is applica-
ble to this case, is in these words:

May Term,
1856.

RAMSEY
v.
RAMSEY.

"SEC. 1. The real estate of any person dying intestate, shall descend to his or her children, or their descendants, in equal parts," &c., "saving, however, to the widow, in all cases, her right of dower.

"SEC. 2. If there be no children, nor their descendants, then to the father; and if there be no father, then to the mother, brothers and sisters of such deceased person dying intestate, and to their descendants.

"SEC. 3. When any person shall die intestate, without issue, having a title to any real estate derived by purchase with the estate of, or by descent from the father, the mother of such person shall not inherit the same, nor any part thereof, if there be living any brother or sister of such deceased person, or any brother or sister of his or her father, or any lineal descendant of either of them, except the right of dower she may have therein." R. S. 1831, p. 207.

We have not been able to find a similar statute of descents, and consequently no light is to be derived from the decisions of other states. The case must depend upon a fair construction of the statutory provisions just quoted.

The third section excludes the mother from the inheritance in two specified cases, viz.: when the title to the real estate was purchased with the estate of the father; or when it was derived by descent from the father. In all other cases, the descent is governed by the provisions of the second section, *supra.*

Title by devise is one species of purchase. There can be no question but that *Mary E. Ramsey* took by purchase, and not by descent. The only difficulty is to solve the question whether the purchase was made with the estate of the father? We are of opinion that it was. In point of fact, the real consideration for the devise was, no doubt, natural love and affection. But that does not make it any the less technically a purchase, and as such clearly within the language, and we think within the spirit and intention, of the statute.

Had he appropriated 500 dollars in his will to be laid out in land for his daughter, which was so laid out in her lifetime, at her death without children, or brothers or sis-

ters, the mother could not inherit, for the land came to *Mary* by purchase with the estate of the father. It can not alter the rule that he devised the land itself. For there it was strictly derived by purchase, and with the estate of the father, because the land itself was part of that very estate. It seems to us it would be trifling with the language of the statute to give it any other construction. The very authority quoted by counsel aptly enforces this construction. "If the words of a statute are in themselves precise and unambiguous, then no more can be necessary than to expound the words in their natural and ordinary sense. In such case, the words themselves do best declare the intention of the law-giver." *Broom's* Legal Maxims, 248. We must presume the legislature to have known the technical force of the language used in the third section, *supra,* viz., that the word purchase embraced as well lands acquired by devise, as those acquired by deed of bargain and sale. The words purchase and descent are technical terms to express the only two modes of acquiring title to realty. 2 Blacks. Comm. 201, note 2.—*Id.* 241.— *Williams* on Realty 69.—*Bouvier's* Dic., title Purchase. Both these words are used in the statute. We must presume them to be used in their common law acceptation.

Perhaps there may be something affecting this case in the well-known rule, that if a devise made to an heir at law gives the heir the same estate in quantity and quality which he would have inherited without the will, the devise is void. In such case, the heir takes by descent and not by purchase. *Williams* on Realty 163.—1 Coke Litt. 126, note 2.

Without deciding upon the applicability of the rule, but going upon the hypothesis that it does apply, then the will being void as to *Mary E.,* she would take by descent from her father. This does not evolve anything favorable to the claim of *Jane C. Ramsey;* for, on that hypothesis, the mother would be clearly excluded from the inheritance by the express terms of the statute.

This rule excluding the mother, excludes also the father from inheriting, where the lands were purchased by the

estate of, or derived by descent from the mother.  R. S. 1831, p. 208.

We are therefore of opinion that *Olivia Ramsey* and others, being the sisters, &c., of *James C. Ramsey*, deceased, are, under the third section of the act of 1831, *supra*, entitled to the inheritance, as heirs of *Mary E.*, in preference to her mother, *Jane C. Ramsey*.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman*, for the appellant.

*D. S. Major* and *A. Brower*, for the appellees.